UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA MARSHALL-FORD and
EDWARD FORD,

       Plaintiffs,

v.

Case No. 08-15277
Hon. Gerald E. Rosen

WELLS FARGO MORTGAGE,

       Defendant.
_____/

**OPINION AND ORDER REGARDING DEFENDANT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     August 31, 2009    

PRESENT: Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

## I. INTRODUCTION

This case arises out of a residential mortgage, in the amount of $107,880.00, obtained by Plaintiffs Dana Marshall-Ford and Edward Ford Jr. from Argent Mortgage Company, LLC ("Argent").[1]  The mortgage and an accompanying note were executed on January 15, 2005 for the purchase of property in Detroit, Michigan.  On December 13, 2007, Argent assigned the mortgage to Wells Fargo Bank, N.A.  Subsequent to this assignment, Plaintiffs defaulted on their obligations under the mortgage and foreclosure

---

[1] Two other individuals, Raymond and Diane Marshall, were parties to this mortgage transaction, but have not been named as plaintiffs in this suit.

proceedings were commenced.

On November 26, 2008, Plaintiffs filed the instant action in Wayne County Circuit Court, alleging in their *pro se* complaint that the Defendant lender, or its predecessor-in-interest, failed to deliver to Plaintiffs the requisite disclosures in connection with the parties' mortgage transaction.  Although the complaint is rather difficult to construe, Plaintiffs appear to assert the following claims arising under federal law:  violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*; violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.[2]  In light of Plaintiffs' pursuit of claims arising under federal law, Defendant Wells Fargo Mortgage removed the case to this Court on December 26, 2008.

This matter is presently before the Court on Defendant's July 1, 2009 motion to dismiss or, in the alternative, for summary judgment.  In this motion, Defendant argues that Plaintiffs' TILA and HOEPA claims are time-barred by the one-year statute of limitations for damages and three-year statute of repose for rescission.  Defendant further argues that RESPA does not confer a private right of action for the violations alleged by Plaintiffs, so that Plaintiffs have failed to state a claim under this statute upon which relief can be granted.  Finally, Defendant contends that apart from these various legal defects, Plaintiffs' federal claims lack evidentiary support.

---

[2]As discussed below, Plaintiffs' complaint arguably also asserts state-law claims of fraud and misrepresentation.

Plaintiffs have not responded to Defendant's motion, despite the Court's instruction at a July 7, 2009 scheduling conference that they promptly do so, and the time for filing a response has long since passed.  Having reviewed Defendant's motion, the accompanying exhibits, Plaintiffs' underlying complaint, and the record as a whole, the Court finds that the pertinent facts, allegations, and legal issues are sufficiently presented in these written materials, and that oral argument would not assist in the resolution of Defendant's motion.  Accordingly, the Court will decide this motion "on the briefs."  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  For the reasons stated below, Defendant's motion will be granted as to Plaintiffs' federal claims, with any remaining state-law claims remanded to state court.

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted."  In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).  However, for a complaint to withstand a motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," even with the benefit of the "assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 at 555 (2007) (footnote and

citations omitted).[3]

### III. ANALYSIS

A.  **Plaintiffs' Claims Under the Truth in Lending Act and the Home Ownership and Equity Protection Act Are Time-Barred.**

   1.  **Plaintiffs' Claims for Damages Are Subject to a One-Year Statute of Limitations.**

Claims for damages under TILA and HOEPA are subject to the statute of limitations set forth at 15 U.S.C. § 1640(e), which requires that "[a]ny action under this section . . . be brought . . . within one year from the date of the occurrence of the violation."[4]  "[A]s a standard rule," such a statute of limitations "begins to run when the plaintiff has a complete and present cause of action and thus can file suit and obtain relief."  *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (internal quotation marks

---

[3]Defendant's motion is accompanied by certain exhibits, and seeks dismissal under Rule 12(b)(6) or, in the alternative, an award of summary judgment under Rule 56.  While the Court's consideration of these exhibits generally would require that Defendant's motion be "treated as one for summary judgment under Rule 56," Fed. R. Civ. P. 12(d), Defendant correctly observes that such conversion is not required if the exhibits may fairly be considered "part of the pleadings" — that is, if "they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim."  *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (internal quotation marks and citation omitted).  In this case, the bulk of the exhibits accompanying Defendant's motion are documents exchanged between Plaintiffs and their mortgage lender at the time of the mortgage transaction at issue, and the disclosures (or lack thereof) made by the lender feature centrally in Plaintiffs' claims.  Consequently, to the extent that the Court finds it necessary to consider these exhibits in resolving Defendant's motion, this does not require that the motion be treated as seeking summary judgment under Rule 56.  Alternatively, even if it were appropriate to decide one or more aspects of Defendant's motion by resort to Rule 56, Plaintiffs have been given sufficient notice of this possibility and an opportunity to respond, by virtue of Defendant's designation of its motion as brought under both Rule 12(b)(6) and Rule 56.

[4]As Defendant points out, this TILA provision governs claims brought under HOEPA, which was enacted as an amendment to certain portions of TILA.  *See Solar v. Millenium Financial, Inc.,* No. 01-CV-4327, 2002 WL 1019047, at *3 n.4 (E.D. Pa. May 17, 2002).

and citation omitted).  Moreover, "a credit transaction which requires disclosures under the [Truth in Lending] Act is completed when the lender and borrower contract for the extension of credit."  *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973); *see also Blue v. Fremont Investment & Loan,* 562 F. Supp.2d 33, 43 (D.D.C. 2008) (holding that the one-year TILA statute of limitations began to run on the date of the underlying loan transaction as to which the required disclosures allegedly were not made); *Tucker v. Beneficial Mortgage Co.,* 437 F. Supp.2d 584, 589 (E.D. Va. 2006) (same).

Plaintiffs' claims for damages under TILA and HOEPA are based upon allegations that Defendant, or its predecessor-in-interest, failed to make the requisite disclosures to Plaintiffs on or around the January 15, 2005 closing on the mortgage loan at issue.  However, Plaintiffs did not file their complaint in this action until November 26, 2008, over three years after the date of the closing on the mortgage.  "[If] relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  The statute of limitations has run, and Plaintiffs' TILA and HOEPA claims for damages must therefore be dismissed.[5]

    2.    **Plaintiffs' Claims for Rescission Under TILA and HOEPA Are Subject to a Three-Year Statute of Repose.**

Like a statute of limitations, a statute of repose limits the time within which an action may be brought, usually relative to an event that may or may not constitute the

---

[5]Although the one-year statute of limitations might be subject to equitable tolling, Plaintiffs' complaint lacks any allegations of inequitable conduct by Defendant that might have deterred Plaintiffs from timely asserting their claims.

origin of the cause of action.  Unlike a statute of limitations, however, a statute of repose does not necessarily correspond to the accrual of any cause of action; the injury need not have occurred, much less have been discovered, for the period to begin running.  TILA includes just such a statute of repose, providing in pertinent part that "[a]n obligor's right of recession shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).

In this case, TILA's three-year period of repose expired on January 15, 2008, three years after the closing on the parties' mortgage loan transaction.  Additionally, the property was sold at foreclosure on August 13, 2008.  Plaintiffs' complaint was filed on November 26, 2008, beyond the 3-year period to repose and after the sale of the property.  It follows that Plaintiffs' TILA- and HOEPA-based claims for rescission of the loan transaction are time-barred.[6]

**B.      Plaintiffs Have No Right of Action for Any Violation of 12 U.S.C. § 2604, Nor Have They Stated a Viable Claim Under Any Other RESPA Provision.**

Plaintiffs' claims of RESPA violations appear to rest principally, if not exclusively, upon Defendant's purported non-compliance with 12 U.S.C. § 2604, which requires lenders to provide borrowers with an informational booklet and good faith estimate of the specific anticipated charges a borrower is likely to incur.  However, district courts within this Circuit have held that no private right of action exists under this

---

[6]Moreover, Defendant correctly points out that the residential mortgage transaction at issue here appears to lie outside the scope of HOEPA.  *See* 15 U.S.C. § 1602(aa)(1).

provision. *See Morrison v. Brookstone Mortgage Co.*, 415 F. Supp.2d 801, 806 (S.D. Ohio 2005) ("In the Court's view, the fact that Congress did not include a remedy provision for disclosure requirements made under § 2603 or § 2604 strongly suggests that no such remedy should be implied."); *Johnson v. Equity Title & Escrow Co.,*, 476 F. Supp.2d 873, 883 (W.D. Tenn. 2007) ("[N]o private right of action exists for violations of § 2604(c)."); *see also Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) (holding that "there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulation relating to it"). The Court finds the reasoning of these decisions persuasive, and therefore concludes that Plaintiffs have failed to state a viable claim for any alleged violations of § 2604.

Even if Plaintiffs had a right of action under RESPA for the violations alleged in their complaint, any such claim presumably would be barred by RESPA's three-year statute of limitations. *See* 12 U.S.C. § 2614. In addition, Defendant has produced evidence that all of the required disclosures under TILA, RESPA, and their corresponding regulations were made to Plaintiffs at the time of closing, and Plaintiffs have failed to identify any evidence to the contrary. Thus, even if Plaintiffs' various federal claims were not subject to dismissal on the grounds set forth above, Defendant would be entitled to summary judgment in its favor on these claims.[7]

---

[7]As noted earlier, while Plaintiffs' complaint is hardly a model of clarity, it appears that they may have asserted state-law claims of fraud and misrepresentation, in addition to their federal claims under TILA, HOEPA, and RESPA. In an abundance of caution, and because Defendant has not addressed any such claims in its motion, the Court will remand this case to state court for further proceedings on any state-law claims that Plaintiffs might have asserted in

## IV.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's July 1, 2009 motion to dismiss or for summary judgment (docket #14) is GRANTED as to Plaintiffs' federal claims, and is otherwise denied without prejudice.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  August 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2009, by electronic and/or ordinary mail.

        s/Ruth Brissaud
        Case Manager

---

their complaint.  *See* 28 U.S.C. § 1367(c)(3) (authorizing the district court to decline to exercise supplemental jurisdiction over state-law claims once it has "dismissed all claims over which it has original jurisdiction").